| t STEWART, J.
The state appeals the trial court’s grant of a motion to quash a third habitual offender bill of information which the state filed in a DWI (third offense) case against Willie Campbell (“Campbell”). For the reasons that follow, we affirm the trial court.
FACTS
The state charged Campbell with a DWI (third offense) for an incident that occurred in March 2002. He had prior DWI convictions entered in March 1993 and July 1996. He was found guilty as charged after a bench trial. The state *224 filed a third habitual offender bill which alleged prior convictions in December 1990 for attempted unauthorized entry of an inhabited dwelling and in July 1996 for simple burglary. Campbell moved to quash. The court granted the motion to quash and, after the state’s objection, imposed sentence in accord with the DWI statute, La. R.S. 14:98. This appeal ensued.
DISCUSSION
The question presented is whether the state can circumvent the penalty provisions of La. R.S. 14:98 for repeat DWI offenders by invoking the habitual offender provisions of La. R.S. 15:529.1, which generally apply to all repeat felony offenders.
The state contends that it is seeking enhancement of the penalties for the underlying predicate felony offenses rather than for the third DWI conviction. The state admits it is attempting to avoid the requirement of La. R.S. 14:98 that repeat DWI offenders are to be placed on probation for the majority of the sentence imposed.
| ¡.Campbell argues that La. R.S. 14:98D(l)(a) provides in pertinent part that the sentence shall be imposed [with probation] as provided in that statute “not withstanding any other provisions of the law to the contrary.”
Penal statutes are to be strictly construed; they are to be given a genuine construction according to the fair import of their words, taken in their usual sense, in context, and with reference to the purpose of the provision. State in Interest of J.A.V., 558 So.2d 214 (La.1990); State v. Union Tank Car Co., 439 So.2d 377, 382 (La.1983); State v. Blackwell, 32,477 (La.App.2d Cir.10/27/99), 746 So.2d 205, 212.
We must examine the legislative intent of La. R.S. 14:98. The intent is that “notwithstanding any other provision of law .... ” taken in the usual sense, in context, and with reference to the legislature’s purpose to provide treatment instead of jail time to repeat drunk drivers means that the habitual offender statute, which is “any other provision of law,” cannot be applied. That language is an express legislative prohibition which circumscribes the district attorney’s discretion to seek enhancement under the habitual offender statute. Thus, the legislature has precluded the state from seeking enhancement under the habitual offender statute in cases involving repeat DWI offenders.
Moreover, the state erroneously seeks to enhance a penalty for a prior offense under the habitual offender statute. The jurisprudence holds that the La. R.S. 15:529.1 enhancement of a penalty for a new felony is for a new crime only. State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 129, reh’g denied; State v. Morgan, 96-588 (La.App. 5 Cir. 12/30/96), 686 So.2d 1048, 1050; State v. Dean, 94-1505 (La.App. 4 Cir. 9/15/94), 643 So.2d 210, 211, writ denied, 94-2554 (La.1/27/95), 649 So.2d 380. Thus, the state’s argument is without merit.
CONCLUSION
We find no error in the trial court’s grant of the defendant’s motion to quash. Its judgment dismissing the habitual offender bill of information is affirmed. Costs to appellant.
AFFIRMED.