877 So.2d 112 (2004)
STATE of Louisiana
v.
Willie CAMPBELL, Jr.
No. 2003-K-3035.
Supreme Court of Louisiana.
July 6, 2004.
*113 Charles C. Foti, Jr., Attorney General, Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, Stephen T. Sylvester, Assistant District Attorney, for applicant.
Bobby R. Manning, for respondent.
KNOLL, Justice.
This criminal cases concerns whether La.Rev.Stat. 14:98 prohibits the State from adjudicating repeat DWI offenders as habitual offenders under La.Rev.Stat. 15:529.1. The district court granted the defendant's motion to quash and dismissed the State's habitual offender bill. The court of appeal affirmed, holding a defendant convicted of a third DWI cannot be sentenced as a habitual offender pursuant to La.Rev.Stat. 15:529.1 for prior felonies. We granted the State's application to resolve the conflict between the DWI sentencing provisions in La.Rev.Stat. 14:98 and the Habitual Offender Statute, codified at La.Rev.Stat. 15:529.1. State v. Campbell, 03-3035 (La.3/12/04), 869 So.2d 802. For the following reasons we affirm.

FACTS AND PROCEDURAL HISTORY
The State charged the defendant, Willie Campbell, Jr., with driving on March 16, 2002 while intoxicated  third offense. The defendant had prior DWI convictions entered in March 1993 and July 1996. After *114 a bench trial, defendant was found guilty as charged.
The State filed an habitual offender bill under La.Rev.Stat. 15:529.1, alleging prior felony convictions for attempted unauthorized entry of an inhabited dwelling in December 1990 and for simple burglary in July 1996. The defendant moved to quash the bill, arguing the filing of an habitual offender bill under La.Rev.Stat. 15:529.1in relation to a conviction for DWI  Third Offense irreconcilably conflicts with the provisions of La.Rev.Stat. 14:98(D)(1)(a) which states, in pertinent part: "... Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder." After a hearing, the district court granted the motion to quash. The court sentenced the defendant to five years imprisonment at hard labor, thirty days to be served without benefit of probation, parole or suspension of sentence, suspended the remainder of the term, in lieu of which defendant was sentenced to home incarceration, and imposed a two thousand dollar fine. Additionally, the court allowed the defendant to keep his vehicle but ordered him to pay four hundred dollars to the criminal court fund, the amount determined as the value of the car.
The State appealed the district court's grant of the motion to quash, arguing it was not the Legislature's intent to give multiple DWI offenders probated or suspended sentences when they had prior non-DWI felony convictions. The State contended the district court judgment should be reversed and the matter remanded for the sentencing of defendant in accordance with the habitual offender statute, which prohibits probation or suspension of sentence. The court of appeal affirmed the district court's judgment, finding express legislative prohibition in La.Rev.Stat. 14:98 that "circumscribes the district attorney's discretion to seek enhancement under the habitual offender statute." State v.Campbell, 37,485 p. 2 (La.App. 2 Cir. 10/16/03), 859 So.2d 223, 224.

DISCUSSION
Recently, this court addressed the amendments made by the Legislature to the sentencing provisions for third or subsequent DWI offenses in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526. There we noted "while the new law retains the sentencing ranges provided for third and fourth DWI offenders, it radically changes the way in which the offender serves the sentence imposed by the court." Id., p. 3-4, 820 So.2d at 528.
Before the amendments to La.Rev.Stat. 14:98, a third DWI offender faced a penalty from one to five years with or without hard labor, six months of which ran without suspension of sentence, probation or parole. La.Rev.Stat. Ann. § 14:98(D)(1)(West 2001). If a portion of the sentence was imposed with benefit of probation, parole, or suspension of sentence, the offender was required to participate in court-approved substance abuse and driver improvement programs. Id.
The Legislature made substantial changes to La.Rev.Stat. 14:98 in 2001 La. Acts 1163. The penalty ranges remained the same, but the mandatory jail time was reduced from six months to thirty days for a third DWI offender and from two years to sixty days for a fourth offender. The enactment revised La.Rev.Stat. 14:98, which now reads, in pertinent part:
D. (1)(a) On a conviction of a third offense, notwithstanding any other provisions *115 of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
(b) The treatment professional performing the evaluation shall recommend appropriate treatment modalities which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals, office for addictive disorders and approved by the Department of Public Safety and Corrections for a period of not less than four weeks and not more than six weeks.
* * *
(d) Upon successful completion of the inpatient substance abuse treatment required by this Paragraph, the offender shall be sentenced to home incarceration for not less than the period of time remaining on the offender's suspended sentence....
(e) If the offender fails to complete the substance abuse treatment required by the provisions of this Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration. La.Rev.Stat. 14:98 (emphasis added).
The Legislature, in the same Act, added the following significant language:
G. The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further, the legislature finds that there are successful treatment methods available for treatment of addictive disorders.... La.Rev.Stat. 14:98.
Thus, it is evident the Legislature revised the law in order to mandate treatment for third and subsequent DWI offenders. The Legislature decided to give those suffering from this addictive disorder a chance at recovery in lieu of imprisonment; the "legislation is an attempt to treat the disease [alcoholism] and give the offender a chance at a normal life." Hearings on House Bill No. 665 Before the House Committee on Administration of Criminal Justice, April 10, 2001, at p. 11. Should the offender fail to complete the treatment or violate any term of the home incarceration, he would then be imprisoned for the remainder of his sentence.
Therefore, pursuant to La.Rev.Stat. 14:98 the defendant here, as a third DWI offender, was subject to a sentence of five years at hard labor, with all but thirty days of which "shall be suspended." The first thirty days must be served without benefit of probation, parole, or suspension of sentence. The defendant was placed on probation for the remainder of the suspended sentence, sentenced to home incarceration and ordered to pay a fine of two thousand dollars, all in accordance with La.Rev.Stat. 14:98 D(1)(a).
Before we address the State's argument and our resolution of the conflict between La.Rev.Stat. 15:529.1 and La.Rev.Stat. 14:98, an error patent review reveals the district court allowed the defendant to *116 keep the car he was driving at the time of the offense, ordering him to pay an extra four hundred dollars to the criminal court fund before the end of his probation. However, this appears to be in contravention of La.Rev.Stat. 14:98 D(2)(a), which orders that the vehicle being driven by the offender at the time of the offense shall be impounded and sold at auction. The district court apparently took notice of the fact that the defendant's girlfriend was a co-owner of the vehicle. The vehicle is exempt from sale if the owner was not the driver and did not know the driver was operating the vehicle while intoxicated. La.Rev.Stat. 14:98 D(2)(b). Even though the State apparently acquiesced in this judgment and does not complain of this potential error, we do not ignore patent errors favorable to the defendant when the State does not complain about them. State v. Williams, XXXX-XXXX, p. 9-10 (La.11/28/01), 800 So.2d 790, 798. Under the provisions of La.Code Cr. Pro. art. 882, "[a]n illegal sentence may be corrected at any time by ... an appellate court on review."
However, we find there are questions that need to be answered before determining the car co-owned by the defendant and his girlfriend should be seized and sold. First, the vehicle "shall be exempt from sale if ... the owner did not know that the driver was operating the vehicle while intoxicated." La.Rev.Stat. 14:98 D(2)(b). There was no determination by the court below as to whether the defendant's girlfriend, co-owner of the subject vehicle, knew the defendant was driving the vehicle while intoxicated. If it is proven the co-owner had knowledge the defendant was driving the vehicle while intoxicated, then the vehicle must be seized and sold, in accordance with the clear dictates of La.Rev.Stat. 14:98 D(2). Second, if it is proven the co-owner did not have knowledge the defendant was driving the car while intoxicated, it should then be determined whether the statutory exemption provided by La.Rev.Stat. 14:98 D(2)(b) applies to a co-owner who does not have knowledge the other co-owner is driving the vehicle while intoxicated. These factual determinations are best made by a trial court after a hearing in which the judge has the benefit of full briefing and argument. Therefore, we will remand this matter to the district court, for it to determine whether the co-owner of the vehicle had knowledge the defendant was driving the vehicle while intoxicated. If she did, then the court must refund any portion of the four hundred dollars paid by the defendant and order the car to be seized and sold in accordance with La.Rev.Stat. 14:98. Should the district court find the co-owner did not have knowledge the defendant was driving while intoxicated, then the court must decide whether the vehicle is subject to seizure and sale, considering the statutory exemption from sale when an owner of the car does not know the driver is driving while drunk.
Turning to the issue for which we granted writs, we must now determine whether the provisions of La.Rev.Stat. 14:98 preclude a third DWI offender, who has two prior felony convictions for non-DWI offenses, from being sentenced under Louisiana's Habitual Offender Law. The State argues the defendant is subject to the recidivist punishment provisions of La.Rev.Stat. 15:529.1 A(1)(b)(i), which provide for a mandatory punishment of not less than two-thirds of the longest possible sentence for the [third] conviction and not more than twice the longest possible sentence prescribed for a first conviction.[1] *117 The State further contends the sentence should be without benefit of probation or suspension of sentence, in accordance with La.Rev.Stat. 15:529.1 G. According to the State, it was not the Legislature's intent for third and fourth DWI offenders to escape the recidivist punishment provisions of La.Rev.Stat. 15:529.1 when the defendant has other non-DWI felony convictions.
The defendant contends the State, in its haste to circumvent the legislative purpose for amending the sentencing of DWI offenders, overlooks the clear reading of the act itself. The defendant further argues in order to give the appropriate deference to the legislative branch, the judiciary must give great weight to the unambiguous legislative purpose of a statute.
The district court sentenced the defendant in accordance with La.Rev.Stat. 14:98 D(1), which provides, inter alia, "notwithstanding any other provision of law to the contrary... the offender shall be imprisoned ... no[ ] more than five years ... [t]he remainder of the sentence of imprisonment shall be suspended ..." (Emphasis added).
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Piazza, 596 So.2d 817, 819 (La.1992). The rules of statutory construction applicable in this case are those pertinent to conflicting statutes.
It is presumed the Legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Fontenot v. Reddell Vidrine Water Dist., 02-0439, p. 13 (La.1/14/03), 836 So.2d 14, 24. Thus, legislative language will be interpreted on the assumption that the Legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. Id. at p. 13-14; State v. Bedford, 01-2298, p. 3 (La.1/28/03), 838 So.2d 758, 760. It is further presumed the legislative branch intends to achieve a consistent body of law. Piazza, 596 So.2d at 819; 1A Norman J. Singer, Statutes and Statutory Construction § 23:9, p. 461 (6th ed.2002). Therefore, we proceed under the premise that in amending La.Rev.Stat. 14:98, the Legislature was aware that mandating suspension of the sentence would necessarily preclude enhancing the sentence as a third felony conviction pursuant to the Habitual Offender Law, which prohibits any sentence imposed under the provisions of 15:529.1 to have the benefit of probation or suspension. As we have previously observed, the Legislature has clearly stated its intention to embrace treatment measures *118 in preference to incarceration. Mayeux, at p. 5, 820 So.2d at 529; La.Rev.Stat. 14:98 G. Representative Odinet, one of the sponsors of the bill that contained the amendments at issue here, explained the purpose of the legislation was "(1) to give treatment to those in need of treatment; and (2) to allow incarceration to be reduced to allow more space in state prisons for violent criminals." Hearings on H.B. No. 665, supra, at p. 9.
It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Fontenot, p. 20, 836 So.2d at 28; City of Pineville v. American Fed'n of State, County and Mun. Employees, AFL-CIO, Local 3352, XXXX-XXXX, p. 4 (La.6/29/01), 791 So.2d 609, 612. While Louisiana's Habitual Offender Law prohibits probation or suspension of sentence for any sentence imposed under its provisions, the more specific statute, which applies solely to operating a vehicle while intoxicated, specifically provides "notwithstanding any other provision of law to the contrary ... the remainder of the sentence shall be suspended...." Not only is La.Rev.Stat. 14:98 the statute specifically directed to DWI third offenders, but the plain language of that statute instructs the sentencing court in no uncertain terms that it must not stray from the sentencing provisions contained in that statute, even in the event those terms conflict with other provisions of law.
A criminal statute must be given a genuine construction consistent with the plain meaning of the language in light of its context and with reference to the purpose of the provision. La.Rev.Stat. 14:3; State v. Anders, 01-556, p. 3 (La.6/21/02), 820 So.2d 513, 515. Moreover, it is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. State v. Carr, 99-2209, p. 4 (La.5/26/00), 761 So.2d 1271, 1274. The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. Piazza, 596 So.2d at 820, (citing Bifulco v. United States, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980)). When a criminal statute provides inconsistent penalties, the rule of lenity directs the court to impose the least severe penalty. Piazza, 596 So.2d at 820. It naturally follows that in giving a genuine construction consistent with the plain language of La.Rev.Stat. 14:98 D(1), and keeping in mind the strict construction mandated under the rule of lenity, the defendant's sentence cannot be enhanced without benefit of suspension pursuant to La.Rev.Stat. 15:529.1. The plain language of La.Rev.Stat. 14:98 D(1) mandates a suspended sentence and treatment for the substance abuse disorder, notwithstanding any other provision of law to the contrary.
The provisions of La.Rev.Stat. 14:98 B(1) cannot be harmonized with La.Rev.Stat. 15:529.1 A(1)(b) and G. In accordance with the intent evidenced by the Legislature in enacting 2001 La. Acts 1163, and the principle that the statute specifically directed to the matter at issue should prevail as an exception to the statute more general in character, we find the district court correctly applied the sentencing provisions of La.Rev.Stat. 14:98. The trial court did not err in quashing the State's habitual offender bill.
For all these reasons, we find a DWI third-offender cannot be sentenced pursuant to Louisiana's Habitual Offender Law, even where that defendant has two prior non-DWI felony convictions. Habitual offender adjudication under La.Rev.Stat. *119 15:529.1 would preclude the trial court from crafting a sentence which complied with the requirements of La.Rev.Stat. 14:98 D. The Legislature's intent to mandate treatment of the addictive disorder for a third DWI offender is clearly evident. The revision to La.Rev.Stat. 14:98 D(1)(a), mandating suspension of the sentence in order for the defendant to receive treatment, is the more specific statute. Finally, the rules of statutory construction and well established jurisprudence of this state direct the resolution of any conflict in criminal statutes is made in favor of the defendant.
Additionally, we note that while the record demonstrates the trial judge was aware the defendant was to receive substance abuse treatment from the State once he was released from prison, the court failed to include the appropriate order in the judgment. Therefore, we will further remand this matter to the district court in order for that court to amend the judgment, ordering the defendant to undergo an evaluation to determine the nature and extent of his substance abuse disorder, and to undergo the treatment recommended, which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals and approved by the Department of Public Safety.

DECREE
For the foregoing reasons, the rulings of the lower courts are affirmed. This case is remanded to the district court for a determination of whether the vehicle should be seized and sold, and to amend the judgment so as to order evaluation and treatment of the substance abuse disorder.
AFFIRMED.
WEIMER, J., concurs and assigns reasons.
JOHNSON, J., dissents.
VICTORY and TRAYLOR, JJ., dissent and assign reasons.
WEIMER, J., concurring.
I concur in the result except, as a practical matter and because the State apparently acquiesced and does not complain of a potential error, I would not remand for a determination of whether this vehicle should be seized and sold.
VICTORY, J., dissenting.
I respectfully dissent. Under the majority's opinion a defendant who has two prior felonies and then is convicted of DWI a third time is exposed to no more jail time than the defendant who has three DWIs, but no prior felony convictions. In my view, it is clear that La. R.S. 14:98(D) addresses those who are only third time DWI offenders, and should not effectively limit the "Habitual Offender Law" as written in La. R.S. 15:529.1 et seq.
TRAYLOR, Justice, dissenting.
I dissent from the majority opinion, and would vacate the trial court's granting of the motion to quash the habitual offender bill. In my opinion, the mandatory sentence imposed by La.Rev.Stat. 14:98(D)(1)(a) does not preclude enhancement of third offender DWI sentence. A person convicted solely of a third offense DWI is subject to its provisions. A DWI sentence, however, is still a felony offense which falls under the rubric of La.Rev.Stat. 15:529.1, the habitual offender law. When an offender is convicted of a DWI third offender offense and has prior convictions, he is then subject to sentencing as an habitual offender. Although La.Rev.Stat. 15:529.1(G), provides, "[a]ny sentence *120 imposed under the provision of [the habitual offender law] shall be without benefit of probation or suspension of sentence," this provision addresses only the enhanced sentence and does not conflict with the mandatory sentence imposed by La.Rev.Stat. 14:98(D)(1)(a).
NOTES
[1] The State argues for a minimum sentence of forty months and a maximum sentence of ten years. While the calculation of forty months is correct (two-thirds of the longest possible sentence for the conviction [third offense DWI]) as the longest possible term for that conviction is five years (sixty months), the calculation of ten years is problematic. The maximum sentence is "not more than twice the longest possible sentence prescribed for a first conviction[.]" Here that would translate to one year, as the longest possible sentence for a first DWI conviction is six months. La.Rev.Stat. 14:98 B(1). The State is obviously arguing for a maximum based upon twice the longest possible sentence for the third DWI conviction; the longest possible sentence for a third DWI conviction is five years. A reading with the calculation based on correct application of the statutes would result in a minimum sentence that is longer than the maximum sentence. This application could lead to absurd consequences. We note this ambiguity for the sake of thoroughness, but we will not decide what the correct calculation of the maximum sentence should be, as we find the defendant is not subject to the sentencing provisions of La.Rev.Stat. 15:529.1. We reserve this issue for another time, as it could arise in the penalty enhancement calculation for other crimes subject to the habitual offender statute.