973 So.2d 896 (2007)
STATE of Louisiana, Appellee
v.
David D. COKER, Appellant.
No. 42,818-KA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2007.
*897 James E. Beal, Jonesboro, for Appellant.
Paul J. Carmouche, John F. McWilliams, Jr., Karelia A. Stewart, Assistant District Attorneys, for District Attorney Appellee.
Before BROWN, WILLIAMS and MOORE, JJ.
WILLIAMS, J.
The defendant, David D. Coker, was charged with driving while intoxicated (DWI)-fourth offense, a violation of LSR.S. 14:98. The defendant pled guilty as charged without any agreement as to length of sentence. The district court sentenced defendant to serve 12 years at hard labor with credit for time served and to pay a fine of $5,000. In addition, the trial court revoked defendant's probation for a prior DWI conviction and ordered that the four-month sentence run concurrent with the sentence imposed for the present offense. Defendant's motion to reconsider sentence was denied. Defendant appeals his sentence as excessive. For the following reasons, we affirm the defendant's conviction, amend the sentence and affirm as amended.

DISCUSSION
On July 22, 2006, the defendant's truck was stopped by Caddo Parish deputies after a citizen complained to them about his erratic driving and possible drunkenness. As a result of this traffic stop, the officers noticed a strong odor of alcohol on the defendant. His speech was slurred and he failed all of the field sobriety tests that were performed at that time. The defendant submitted to a chemical test and the results showed a blood alcohol content of .183g%. This event was actually the defendant's ninth DWI offense.
The defendant was charged with DWIfourth offense and he pled guilty as charged. Defendant was sentenced to *898 serve 12 years at hard labor and to pay a fine of $5,000 in addition to court costs. This appeal followed.
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the sentence imposed is excessive because he has never been afforded the benefit of home incarceration and inpatient substance abuse treatment contemplated by the 2001 amendment to the DWI statute.
In reviewing claims alleging the excessiveness of a sentence, an appellate court applies a two-pronged test. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App: 2d Cir.6/24/98), 715 So.2d 641. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Bradford, supra.
As defendant points out in his brief, LSA-R.S. 14:98(E)(1)(a) was amended by the legislature in 2001 to provide that all but 60 days of the sentence imposed would be suspended on a fourth or subsequent conviction. The amended statute provided in pertinent part:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, . . . the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
This enactment reflected the legislature's intent to give those who were suffering from alcohol abuse a chance at recovery in lieu of imprisonment; the legislation was an attempt to provide treatment for alcoholism and give the offender a chance at a normal life. State v. Campbell, XXXX-XXXX (La.7/6/04), 877 So.2d 112.
However, LSA-R.S. 14:98(E) was further amended by Acts 2005, No. 497, which removed the language requiring suspension of all but 60 days of the sentence imposed for a DWI-fourth offense. This amendment became effective on August 15, 2005, prior to defendant's commission of the present offense. Thus, LSA-R.S. 14:98(E) as amended in 2005 is the applicable law in this case and provides in pertinent part:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent *899 offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall. be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender's release from custody.

* * *
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(b) If the offender has' previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
To support his argument that the 2005 amendment to the DWI statute should not be interpreted to deprive an offender of the opportunity for intensive substance abuse treatment, defendant cites Campbell, supra and State v. Wiltcher, 41,981 (La.App. 2d Cir.5/9/07), 956 So.2d 769. However, the issues raised in those cases differ from the sentencing issue involved in this case. In Campbell, the supreme court addressed the apparent conflict between certain sentencing provisions of the DWI statute, and the Habitual Offender Law. In Wiltcher, supra, this court affirmed a 25-year sentence, imposed without benefit of probation or suspension of sentence pursuant to LSA-R.S. 14:98(E)(4)(b), for a DWI-fourth offender who had previously received the applicable sentencing benefits of the 2001 amendment. Thus, the cited cases do not support defendant's argument.
In imposing sentence, the district court noted defendant's extensive criminal history which dated back almost 20 years. The court stated that. the present offense was committed while the defendant was on supervised probation for two counts of DWIsecond offense, that were actually the defendant's seventh and eighth DWI convictions.
Applying the Article 894.1 sentencing guidelines, the court found that there was an undue risk that defendant would commit another crime with a suspended sentence, that defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of his crime. As mitigating factors, the court noted that defendant admitted guilt and that his prior offenses were non-violent. Although the district court considered the defendant's participation in Alcoholics Anonymous counseling *900 while incarcerated, the court declined to sentence him to inpatient treatment, stating:
[T]his is just so bad and I just can't emphasize enough how stunning it is and how shocking it is that there has been such a pattern of drunk driving for so long, with so many breaks given by the District Attorney. I think it's just a little too late to now ask for inpatient treatment. I am a big believer in inpatient treatment; however, the severity of the crime, when you consider all of the facts and circumstances, it's such that I cannot justify any sentence less than what I am going to impose.
After reviewing the record, we conclude the district court provided adequate reasons for the imposition of this 12-year hard labor sentence, which is in the lower end of the statutory sentencing range for the offense of conviction. There is no showing that the district court abused its discretion in sentencing this defendant. Given the defendant's repeated convictions for drunk driving over a lengthy period of time, the sentence imposed is neither grossly disproportionate to the severity of the offense committed nor shocking to our sense of justice. Thus, we cannot say that the sentence is constitutionally excessive. The assignment of error lacks merit.
Error Patent
Pursuant to LSA-C.Cr.P. art. 920, we have examined the record and note the presence of an error patent. The defendant received an illegally lenient sentence for a fourth DWI conviction due to the district court's failure to impose 60 days of the sentence of imprisonment without benefit of probation, parole or suspension of sentence, in accordance with LSA-R.S. 14:98(E)(1)(a). A reviewing court has the authority to amend an illegally lenient sentence on its own motion. LSA-C.Cr.P. art. 882(A); State v. Deerevel, XXXX-XXXX (La.5/16/03), 847 So.2d 1197; State v. Sermons, 41,746 (La.App. 2d Cir.2/28/07), 953 So.2d 958. Therefore, we shall amend defendant's sentence to require that 60 days of the imprisonment be served without the benefit of parole, probation, or suspension of sentence.

CONCLUSION
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is hereby amended to provide that 60 days of the imprisonment shall be served without the benefit of parole, probation or suspension of sentence. The sentence is otherwise affirmed.
CONVICTION AFFIRMED; SETENCE AMENDED AND AFFIRMED AS AMENDED.