996 So.2d 445 (2008)
STATE of Louisiana, Appellee,
v.
Bruce STERLING, Appellant.
No. 43,540-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*446 Louisiana Appellate Project by Paula Corley Marx, for Appellant.
John Schuyler Marvin, District Attorney, John Michael Lawrence, C. Sherburne Sentell III, Assistant District Attorneys, for Appellee.
Before GASKINS, PEATROSS and DREW, JJ.
DREW, J.
Bruce Sterling was charged with DWI fourth offense. The state agreed to dismiss other pending charges in exchange for the defendant's guilty plea to the reduced charge of DWI third offense. The defendant pled guilty and was sentenced to five years at hard labor. He appeals, asserting only the excessiveness of his sentence. We affirm.

FACTS
On April 2, 2007, the defendant was stopped for erratic driving on 1-20 in Webster Parish by LSP Trooper C.L. Williams. Defendant's BAC reading was .244three times our current .08 standard for driving under the influence.
Had the defendant been convicted as originally charged, he could have been punished with or without hard labor for not less than 10 nor more than 30 years. See La. R.S. 14:98(E).
As part of a plea bargain agreement, the state dismissed other related charges[1] in exchange for the defendant's guilty plea to the reduced charge of DWI third offense, a crime punishable by imprisonment with or without hard labor for not less than one nor more than five years, along with three other requirements, none of which were addressed:
 at least 30 days of the sentence should have been imposed without benefit of probation, parole, or suspension of sentence;
 a mandatory $2,000.00 fine should have been ordered; and
 the vehicle driven on the night of his arrest should have been seized, impounded, and sold. See La. R.S. 14:98(D).
The stipulated factual basis of the plea confirmed predicate convictions of DWI on August 7, 1998, and again on July 22, 2002, both in Webster Parish.
On November 26, 2007, the defendant was sentenced to five years' imprisonment at hard labor. The trial court recommended the defendant to the Steven Hoyle Center for drug and substance abuse counseling, but did not impose a fine, direct that the sentence be served without benefits, *447 or order the forfeiture of the car he was driving.
In imposing sentence, the trial court:
 considered the factors set forth in La. C. Cr. P. art. 894.1;
 related the facts of this case, including the defendant's severe intoxication;
 noted that it took two state trooper units to force the defendant to pull over;
 remarked that defendant had to be physically removed from his vehicle;
 set forth the defendant's extensive criminal history;[2]
 narrated defendant's personal history (51-year-old high school graduate);
 went through defendant's prior history of substance abuse;
 noted that the defendant's plea inured to his benefit regarding sentencing exposure; and
 warned that defendant's drunk driving poses a danger to families.
Defendant's motion to reconsider sentence, alleging excessiveness, was denied without a hearing. This appeal followed.

DISCUSSION
Defendant complains that the maximum sentence of five years at hard labor is excessive for this offender and this offense. He argues that:
 he accepted responsibility for his actions by pleading guilty;
 he acknowledged his need for substance abuse treatment;
 no accident or injuries resulted from his crime;
 with treatment, he can be a credit to his community;
 a sentence falling within statutory limits may still be excessive;
 a maximum sentence is not appropriate here;
 a shorter sentence with additional outpatient treatment and rehabilitation components would enable him to meet his societal goals;
 the current sentence should be vacated; and
 his case should be remanded for resentencing.
The state counters with:
 the disturbing nature of defendant's actions at arrest;
 the defendant's significant history of criminal activity;
 the upholding of other harsh sentences in this same type of situation;
 the fact that this defendant received much benefit from the plea bargain; and
 the argument that this sentence is neither excessive nor an abuse of discretion.
Since defendant's motion for reconsideration merely alleged that the sentence is excessive, under State v. Mims, 619 So.2d 1059 (La.1993), he is relegated to our sole consideration of the bare claim of excessiveness. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La. App.2d Cir.4/6/05), 899 So.2d 733.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), *448 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
The facts and circumstances of the crime and defendant's significant criminal history amply justify the defendant's sentence. He received substantial benefits as a result of the plea bargain agreement. The sentence imposed by the trial court is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. This assignment of error is meritless.

ERROR PATENT REVIEW
We have checked the record for error patent and have found nothing beneficial to the defendant.
The trial court imposed, however, an illegally lenient sentence, in violation of La. R.S. 14:98(D), by not ordering:
 the payment of the statutorily mandated fine of $2,000.00;
 the seizure, impoundment and sale of the vehicle driven on the night of defendant's arrest; and
 that at least 30 days of the sentence be served without benefits.
Because of his presumptive indigency,[3] our imposition of a fine would be an exercise in futility.
Since the record reflects neither the information as to the ownership nor the lien situation of the 1997 Chevrolet Cavalier he was driving while impaired, we decline to explore that option.
We can, and do now, correct his sentence by requiring that 30 days of the sentence be served without benefit of parole, probation, or suspension of sentence, as required by the statute.[4]

DECREE
We affirm the defendant's conviction.
We amend defendant's sentence to require that 30 days be served without benefits. As amended, we affirm the sentence.
NOTES
[1] Flight from an officer, improper lane usage, driving under suspension.
[2] Two salient facts: This was actually the defendant's fifth DWI, along with a previous conviction of aggravated assault.
[3] In this matter, Sterling has been at all times and is now represented by appointed counsel.
[4] See State v. Coker, 42,818 (La.App.2d Cir. 12/19/07), 973 So.2d 896, a DWI fourth case, wherein this court corrected an illegally lenient sentence (failure to impose 60 days of the sentence without benefits) by amending the sentence on our own motion.