GAIDRY, J.
l2The former employer of an injured employee and the employer’s workers’ compensation insurer appeal a judgment denying their request for the appointment of an independent medical examiner and imposing sanctions, in the form of an award of attorney fees, upon the insurer. We reverse the judgment and remand this matter for further proceedings, with instructions.
FACTUAL AND PROCEDURAL HISTORY
Jerome Milton Short was injured in October 1995 from exposure to nitrogen tetroxide in the course and scope of his employment with Gaylord Chemical Corporation (Gaylord). He was awarded workers’ compensation benefits for temporary total disability due to pulmonary and psychological conditions. Short v. Gaylord Chem. Corp., 98-0606 (La.App. 1st Cir.4/1/99), 731 So.2d 493. He has received continuing workers’ compensation benefits, including payment of psychiatric and pharmaceutical expenses, since that time.
On October 5, 2009, Mr. Short was examined by a psychiatrist, Rennie Culver, M.D., at the request of Gaylord and its workers’ compensation insurer, Continental Casualty Company (Continental). On January 13, 2010, Dr. Culver wrote a detailed report regarding his examination, diagnoses, opinion, and recommendations.
On July 20, 2010, Gaylord and Continental filed a completed Form LWC-WC-1015 (“Request for Independent Medical *36 Examination”) with the District 6 office of the Office of Workers’ Compensation, the tribunal in which Mr. Short’s prior disputed claim originally was determined. The form was accompanied by a formal motion for appointment of an independent medical examiner pursuant to La. R.S. 23:1123. In their motion, Gaylord 13and Continental alleged that Dr. Culver’s opinion established a dispute as to Mr. Short’s current medical treatment (including the prescription of pain medication by his psychiatrist) and capacity to work. Both the Form LWC-WC-1015 and the motion bore the docket number of the prior disputed claim (96-05300). An order for the appointment of the examiner was included with the motion.
Rather than signing the order, the workers’ compensation judge (WCJ) made a signed notation on it: “Form 1015 — Forwarded to B.R. [Baton Rouge] Medical Services for processing.” At some point, the notation was crossed out, and the local district office returned the form, motion, and attachments to counsel for Gaylord and Continental and instructed him by telephone to submit a completed Form LWC-WC-1008 (“Disputed Claim for Compensation”). Counsel complied by filing that form and the original motion on August 11, 2010, and the request was assigned a new docket number (10-07170).
On August 25, 2010, Mr. Short filed an answer through counsel, characterizing the “dispute” as “whether res judicata is applicable in this case based upon prior rulings of this court [in the prior disputed claim]” and “an issue of whether the petition[er]/employer is physician shopping and being arbitrary and capricious and disrespectful of previous rulings in this case which have confirmed the employee’s permanent disability.” On the same date, Mr. Short filed a peremptory exception of res judicata and no cause of action and a motion for sanctions. The WCJ signed an order fixing the hearing on the exceptions and motion for September 13, 2010.
On August 27, 2010, Mr. Short filed a memorandum in opposition to the motion for appointment of an independent medical examiner.
|4On motion of Gaylord and Continental, the hearing on Mr. Short’s exceptions and motion was continued to October 8, 2010.
At the conclusion of the hearing on October 8, 2010, the WCJ denied the request for the independent medical examination (IME) on jurisdictional grounds, ruling that she had no authority to order the IME until after a Form LWC-WC-1015 was submitted to the director of the Office of Workers’ Compensation, objection was made by the employee, and the dispute then referred to her under a Form LWC-WC-1008. In light of her decision to deny the request for the IME, the WCJ ruled that Mr. Short’s exceptions were moot. She took his motion for sanctions under advisement and requested post-hearing memoranda on that issue.
On October 29, 2010, the WCJ signed a judgment, denying the motion for the IME, granting Mr. Short’s motion for sanctions, and awarding Mr. Short $500.00 in attorney fees against Continental “for the defense of this motion [for the IME].” The judgment was accompanied by written reasons for judgment issued the same day. In those reasons, the WCJ characterized the request and motion of Gaylord and Continental as predicated upon La. R.S. 23:1124.1, rather than upon La. R.S. 23:1123. She found that they unnecessarily and inappropriately used “the provisions of La. R.S. 23:1124.1 as the vehicle to get into court,” and that they thereby “forced [Mr. Short] to hire an attorney to respond to the litigation” and caused him “undue hardship and stress.” This appeal followed.
*37 ASSIGNMENTS OF ERROR
Gaylord and Continental contend that the WCJ erred in the following respects:
1. The [WCJ] committed legal error in refusing, on jurisdictional grounds, to appoint an [IME] pursuant to La. R.S. |,¡¡23:1123, particularly by substituting a separate statute not cited or urged by appellants or appellee.
2. The [WCJ] committed legal error in awarding attorney’s fees “for the defense of (a) motion” for the appointment of an [IME], where the [WCJ] failed to acknowledge or consider the jurisdictional and statutory] basis cited by the appellants and where [Mr. Short] failed to introduce any evidence whatsoever to support such an award against the party cast in judgment.
DISCUSSION
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Campbell, 03-3035, p. 7 (La.7/6/04), 877 So.2d 112, 117. It is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Id., 03-3035 at p. 8, 877 So.2d at 117. Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. It is further presumed that the legislature intends to achieve a consistent body of law. Id.
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. In re Clegg, 10-0323, pp. 20-21 (La.7/6/10), 41 So.3d 1141, 1154. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law. Id., 10-0323 at p. 21, 41 So.3d at 1154. It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, the |,statute specifically directed to the matter at issue must prevail as an exception to the more general statute. Fontenot v. Reddell Vidrine Water Dist., 02-0439, 02-0442, 02-0478, p. 20 (La.1/14/03), 836 So.2d 14, 28.
Louisiana Revised Statutes 23:1123 authorizes the appointment of an independent medical examiner selected by the director of the Office of Workers’ Compensation, as opposed to an examiner selected by either party. It provides that:
If any dispute arises as to the condition of the employee, capacity to work, or the current medical treatment for the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.[1]
*38 By way of contrast, La. R.S. 23:1124.1, cited in its entirety by the WCJ in her written reasons, deals with the discretionary authority of the WCJ to unilaterally “order that any claimant appearing before it [sic ] be examined by other physicians” for the purpose of providing advisory opinions to the WCJ, in addition to those physicians whose testimony is presented by the parties. That authority is not limited to the appointment of independent medical examiners under La. R.S. 23:1123, and La. R.S. 23:1124.1 does not contain the mandatory language of La. R.S. 23:1123. Louisiana Revised Statutes 23:1124.1 is not at issue in the present context.
Louisiana Revised Statutes 23:1310.8(A)(1) provides, in pertinent part, that:
The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make 17such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in [La.] R.S. 23:1123 ...
(Emphasis added.)
Louisiana Revised Statutes 23:1317.1(B)-(E) set forth the standards for IMEs performed under the authority of La. R.S. 23:1123. Paragraph F provides that “(o]b-jections to the [IME] shall be made on form LDOL-WC-1008 [now designated as Form LWC-WC-1008, due to the statutory name change of the Louisiana Department of Labor to the Louisiana Workforce Commission], and shall be set for hearing before a [WCJ] within thirty days of receipt.” [2]
According to La. R.S. 23:1123, the power to order an IME pursuant to its provisions is vested in the “director” of the Office of Workers’ Compensation. As observed by one commentator, that language was placed in the statute “when the director had adjudicative powers, and it may be an oversight that this power was not transferred to the administrative hearing officers in 1988 and then later to the workers’ compensation judges.” 14 H. Alston Johnson III, Louisiana Civil Law Treatise: Workers’ Compensation § 382 n. 25 (5th ed.2010). However, “[t]he enactment by Acts 1995, No. 328 of La. R.S. 23:1317.1, relative to the procedure for requesting an IME order, certainly implies that this is a power vested in the workers’ compensation judges.” Id. The language of La. R.S. 23:1123, 23:1310.8(A)(1), and 23:1317.1(F) may be reconciled by an interpretation that the request for an IME may be directed to the workers’ compensation judge, who may order the examination, with the selection and appointment of the examiner made by the director of the Office of Workers’ Compensation. Id.
[ RForm LWC-WC-1015, by which a request for an IME pursuant to La. R.S. 23:1123 is presented, includes blanks for the insertion of the existing docket number for the underlying claim and the district number. Form LWC-WC-1008, used for filing a disputed claim for compensation, including the refusal to submit to an IME as provided in La. R.S. 23:1317.1(F), instructs the filer to “mail” the completed form to either the local district office or the central office of the Office of Workers’ Compensation in Baton Rouge. Form LWC-WC-1015, however, provides only that the filer should “return” it to the central office.
Every pleading shall be so construed as to do substantial justice. La. C.C.P. art.
*39 865. The courts of this state, including the workers’ compensation tribunals, should bear in mind that rules of procedure implement the substantive law and are not an end in themselves. See La. C.C.P. art. 5051. For example, there is no practical or legal requirement that each new dispute brought before a workers’ compensation tribunal, relating to a prior claim for which the employee is receiving payment of benefits, be initiated by the filing of a new claim using Form LWC-WC-1008. See Romero v. Northrop Grumman Corp., 06-1210, pp. 8-11 (La.App. 3rd Cir.3/7/07), 952 So.2d 855, 860-62.
During the course of the hearing, the trial court emphasized her position that “a 1015 form IME does not come to [her],” but should be submitted to the director. She further questioned counsel for Gaylord and Continental at length about the propriety of filing a Form LWC-WC-1008 when there was no “decision” for her to make on a “dispute,” although it was her district office who instructed counsel to use the latter form to present the request for the IME.
| aThe fact of the matter is that Gaylord and Continental did in fact initially file a Form LWC-WC-1015, although with the local district office of the Office of Workers’ Compensation, rather than with the central office in Baton Rouge. Considering the continuing jurisdiction of the workers’ compensation judge under La. R.S. 23:1310.8, “including the right to require physical examinations as provided for in [La.] R.S. 23:1123,” we conclude that Gaylord and Continental did not err in doing so. Given the current unsettled state of the law, we hold that a request for an IME under La. R.S. 23:1123 in a case involving “the receipt by [an injured employee] of payments under [the Louisiana Workers’ Compensation Act]” (La. R.S. 23:1121(A)), where there is no pending disputed claim, may be filed either directly with the director or with the workers’ compensation tribunal under its continuing jurisdiction of the original claim. See Romero, supra. Ultimately, the language of the law must control over strict adherence to the language of administrative forms, which serve only to implement the law.
The request and motion of Gaylord and Continental for an IME under La. R.S. 23:1123 was improperly denied on jurisdictional grounds, as the workers’ compensation tribunal and the WCJ had continuing jurisdiction of the original claim for compensation for purposes of considering the request. See La. R.S. 23:1310.8(A)(1). The WCJ’s judgment denying the request and motion was incorrect and is reversed, and this matter is remanded for further proceedings.
Under Louisiana law, attorney fees are not recoverable as damages or costs of litigation except where authorized by statute or contract. Whiddon v. Livingston Parish Council, 04-1126, pp. 4-5 (La.App. 1st Cir.5/6/05), 915 So.2d 863, 866. Awards of penalties and attorney fees in workers’ compensation cases are essentially penal in nature, and are imposed to deter | inindifference and undesirable conduct by employers and their insurers toward injured workers. Trahan v. Coca Cola Bottling Co. United, Inc., 04-0100, p. 17 (La.3/2/05), 894 So.2d 1096, 1108. For such penalties and attorney fees to be awarded, there must be a breach of a statutory duty upon which such an award may be based.
The only authority for the imposition of sanctions cited by Mr. Short in his post-hearing memorandum was La. C.C.P. art. 863, but the WCJ did not cite that codal article or any other statutory authority in *40 her judgment or written reasons.[3] On appeal, Mr. Short urges that the sanctions were imposed by the WCJ under the authority of La. C.C.P. art. 863.
Louisiana Code of Civil Procedure article 863 authorizes the imposition of sanctions upon an attorney or party for violation of the standards of pleading set forth in the article, including certification that the pleading is not presented for an improper purpose, that its assertions are warranted by law, and that its factual allegations have evidentiary support. Article 863 does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. The article is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Stroscher v. Stroscher, 01-2769, p. 8 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 526. A trial court’s determination regarding the_J_yimposition of sanctions is subject to the manifest error or clearly wrong standard of review. Id.
There is no support whatsoever in the record for the WCJ’s conclusion that Gay-lord and Continental inappropriately used Form LWC-W C-1008 “to force a court[-]appointed IME without any pending [disputed [c]laim” or used “the provisions of La. R.S. 23:1124.1 [sic] as the vehicle to get into court.” If the petitioners’ counsel in fact committed any error in the use of a particular form (Form LWC-WC-1008), such error was excusable, as it was indisputably prompted by the erroneous instructions of the district office of the Office of Workers’ Compensation after the initial filing of the IME request using the correct form. Such excusable error (if it is assumed to be error) certainly does not in any way rise to the level of sanctionable conduct proscribed by La. C.C.P. art. 863. As it is likewise indisputable that Mr. Short in fact strenuously opposed the requested IME, the referral of this matter to the WCJ pursuant to La. R.S. 23:1317.1(F), through the filing of a Form LWC-WC-1008, was inevitable. Mr. Short was not thereby forced to incur unnecessary legal expenses and “undue hardship and stress,” as the WCJ erroneously concluded.[4]
Because the record of this matter does not support a finding that Gaylord, Continental, or their attorney violated the standards of La. C.C.P. art. 863, and neither Mr. Short nor the WCJ point to any other statutory basis for the assessment of the sanctions imposed, the WCJ’s award of attorney fees is both manifestly and legally erroneous and is also reversed.
DECREE
The judgment of the Office of Workers’ Compensation, District 6, denying the request of the petitioners, Gaylord Chemical Corporation and | ^Continental Casualty, for an independent medical examination under La. R.S. 23:1123 and awarding attorney fees to the employee, Jerome Milton Short, is reversed. This matter is *41 remanded to the Office of Workers’ Compensation, District 6, for further proceedings consistent with this opinion. The Office of Workers’ Compensation, District 6, is directed to either re-file the original Form LWC-WC-1015 submitted by the petitioners on July 20, 2010, together with any new or updated reports, or to permit the petitioners to file a new completed Form LWC-WC-1015, and is further directed to conduct a new hearing on the petitioners’ request for an independent medical examination pursuant to La. R.S. 23:1317.1(F), under the Form LWC-WC-1008 previously filed by the petitioners on August 11, 2010. All costs of this appeal are assessed to the defendant-appellee, Jerome Milton Short.
REVERSED AND REMANDED, WITH INSTRUCTIONS.

. Acts 2010, No. 3, § 1, effective May 11, 2010, added "capacity to work, or the current medical treatment for the employee” after "condition of the employee.” The remaining language is unaltered from the statute’s last amendment in 1989.

. This statute was enacted by Acts 1995, No. 328, § 1, effective June 16, 1995.

. At the conclusion of the hearing, counsel for Gaylord and Continental specifically inquired of the WCJ the statutory basis for the requested imposition of sanctions, for purposes of preparation of his post-hearing memorandum on that issue. The WCJ replied, "You’re responding to whatever they [Mr. Short's counsel] wrote and said today.” In his original pre-hearing memorandum in support of his motion for sanctions and in his oral argument, Mr. Short had made no reference to any statutory or codal authority.

. Mr. Short did not present any testimony or other evidence at the hearing of his alleged "undue hardship and stress”, but only the argument of his counsel.