PARRO, J.
12Amar Oil Company appeals a judgment quashing an independent medical examination scheduled by the Director of the Office of Workers’ Compensation. For the following reasons, we convert this appeal to an application for a supervisory writ, grant the writ, reverse the judgment, and remand this case to the workers’ compen *726 sation judge, who is ordered to reinstate the independent medical examination.
FACTUAL AND PROCEDURAL BACKGROUND
Brenda Sparnecht (Sparnecht) was employed as a cashier by the Amar Oil Company (Amar). While in the course and scope of her employment, Sparnecht was involved in an accident, causing injury to her back.[1] Following the accident, Sparnecht sought and obtained medical treatment for this injury from Dr. Fred DeFrancesch (Dr. DeFrancesch), a phy-siatrist who specializes in physical medicine and rehabilitation. Since the commencement of treatment, Sparnecht has received numerous injections and procedures. All of these treatments have been approved and paid for by Amar or its workers’ compensation insurer. Dr. De-Francesch recommended that Sparnecht undergo a fourth radiofrequency ablation bilaterally at L3, L4, and L5, and he opined that without this treatment, she was unable to perform any work.
Sparnecht was also evaluated by Amar’s physician, Dr. Daniel Trahant (Dr. Tra-hant), who specializes in neurology and electromyography. Dr. Trahant was of the opinion that Sparnecht had no objective neurological findings or abnormalities that would prevent her from resuming work. Dr. Trahant believed that Spar-necht had suffered a lumbar strain in the accident, and he could not relate that particular work injury to her ongoing complaints. Dr. Trahant was ultimately of the opinion that Sparnecht did not need any further medical procedures and was able to return to work.
Since there was a clear dispute in the opinions of these medical professionals, Amar requested an independent medical examination pursuant to LSA-R.S. 23:1123. See LSA-R.S. 23:1317.1. The Director of the Office of Workers’ Compensation (Director) reviewed and ^granted the request. The Director subsequently scheduled an independent medical examination with Dr. John E. Nyboer, another specialist in physiatry. Before the examination was performed, however, Sparnecht filed a disputed claim for compensation and a motion to quash the independent medical examination. See LSA-R.S. 23:1317.1(F).
After a hearing, the motion to quash the independent medical examination was granted by the workers’ compensation judge (WCJ). The July 27, 2011 judgment was based on the WCJ’s conclusion that two doctors of the same specialty must have differing opinions as to the condition of the employee in order to authorize an independent medical examination pursuant to LSA-R.S. 23:1123. Therefore, since Dr. DeFrancesch specialized in physiatry and Dr. Trahant was a neurologist, it was the WCJ’s opinion that the requisite trigger for an independent medical examination had not been met.[2]
JURISDICTION
We note that in briefs to this court, the parties have disclosed that there is an ongoing lawsuit in this matter that was commenced by the filing of an earlier disputed claim for compensation. That being the case, the July 27, 2011 judgment on the motion to quash the independent medical examination is not a final and appeal-able judgment. See LSA-C.C.P. arts. *727 1915(B) and 2083(C). However, because the precise issue presented in this matter has not previously been addressed by this court, we will exercise our supervisory jurisdiction, convert this appeal to an application for a supervisory writ, and grant the writ. Cf. Gaylord Chem. Corp. v. Short, 11-0321 (La.App. 1st Cir.11/9/11), 81 So.3d 34, 35-36 (A final judgment had earlier been rendered in the suit for workers’ compensation benefits. Therefore, there was nothing pending, and the only issue before the court was that raised by the filing of a new disputed claim form regarding the independent medical examination. This court handled the issue under its appellate jurisdiction.)
ANALYSIS
The issue of whether the legislature intended that two doctors of the same specialty must have differing opinions as to the condition of an employee before an independent |,¡medical examination can be ordered pursuant to LSA-R.S. 23:1123 has not yet been decided by this court. This issue constitutes a question of law, and must be reviewed de novo. See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La.11/29/06), 943 So.2d 1037,1045. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. Louisiana Civil Code article 11 provides that the words of a law must be given their generally prevailing meaning. Thus, the first part of our analysis is to look at the words of the statute at issue.
When the judgment in this case was rendered, Louisiana Revised Statute 23:1123 provided, in relevant part:
If any dispute arises as to the condition of the employee, capacity to work, or the current medical treatment for the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director, (emphasis added).
In this statute, the language clearly and unambiguously states that the Director shall order a medical practitioner to make an examination of the employee if any dispute arises as to the condition of the employee, his or her capacity to work, or the current medical treatment for the employee. There is no language in LSA-R.S. 23:1123 that would suggest that there must be a dispute “between two doctors of the same specialty,” as the WCJ has concluded. On the contrary, a law shall be applied as written and all words of a law must be given their generally prevailing meaning. In the application of these principles, any dispute arising as to the condition of the employee should be sufficient to mandate an independent medical examination, provided the prerequisites of LSA-R.S. 23:1317.1(A) are met.[3]
*728 Even if there were any doubt as to the plain language of the statute, the legislative Ishistory of LSA-R.S. 23:1123 does not reveal any intent on behalf of the legislature to require that disputing opinions must originate from doctors of the same specialty. Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law also involves the search for the legislature’s intent. See LSA-C.C. art. 2; Louisiana Mun. Ass’n v. State, 04-0227 (La.1/19/05), 893 So.2d 809, 836. The legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject. State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568, 576. In the present case, the legislature had the opportunity to change the pertinent language of the statute in 2010 and 2012 when it made other amendments, but it chose not to do so.
In 2010, the Louisiana Legislature amended LSA-R.S. 23:1123.[4] The legislature did not change or modify the words “any dispute,” but did expand the subjects to which “any dispute” would apply by adding the phrase “capacity to work, or the current medical treatment for the employee.” The statute was again amended in 2012 to remove the phrase “or the current medical treatment for the employee.” See 2012 La. Sess. Law Serv., Act 235, § 1, approved May 22, 2012. In the legislative history, it is noted that the purpose of this statute is “to provide for an examination of an injured employee when certain disputes arise.” Louisiana 2010 Session Law Service Preamble for the 2010 amendment (2010 La. Acts, No. 3, § 1). In looking at these revisions and the intent of the legislature, there is no indication that the legislators were seeking to limit disputes concerning the condition of an employee to doctors of the same specialty in order to justify an independent medical examination.
Applying the plain interpretation of the statute to the facts of the present case, Sparnecht was examined by two doctors, albeit not of the same specialty. These doctors expressed differing opinions about the condition of Sparnecht, her need for further treatment, and her ability to' perform work. Dr. DeFrancesch opined that Sparnecht needed another radiofrequency ablation procedure, and without it, she could not resume work. Dr. Trahant, on the other hand, opined that Sparnecht had suffered a lumbar strain, believed that her current pain was unrelated to her work injury, and believed that she could return to work. That being the case, there is a clear dispute between these two doctors as to IflSparnecht’s condition and her capacity to work, which should serve as the prerequisite for an order to submit to an independent medical examination.
CONCLUSION
We convert this appeal to an application for supervisory writ and grant the writ.
Based on our analysis of the relevant statute, we reverse the judgment and remand this case to the workers’ compensation judge, who is ordered to reinstate the independent medical examination. Costs of this writ are assessed to Brenda Spar-necht.
APPEAL CONVERTED TO AN APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT REVERSED AND REMANDED WITH ORDER.
HIGGINBOTHAM, J., concurs.

. Sparnecht claims that, while reaching for cups in a storeroom at 5:30 a.m., a case of drinks fell struck her and caused her to fall, resulting in her injury.

. The WCJ also noted that in the past, Director had routinely denied an independent medical examination if the two disputing physicians were not of the same specialty.

. Louisiana Revised Statute 23:1317.1(A) states:
Any party wishing to request an independent medical examination of the claimant pursuant to R.S. 23:1123, 1124.1, and 1291 (B)( 10) and (11) shall be required to make its request at or prior to the pretrial conference. Requests for independent medical examinations made after that time shall be denied except for good cause or if it is found to be in the best interest of justice to order such examination.
A recent amendment did not change the prerequisites for an independent medical examination, but removed the references to other statutory provisions, in addition to LSA-R.S. 23:1123 and 1124.1, that are not relevant to this opinion. See 2012 La. Sess. Law Serv., Act 235, § 1, approved May 22, 2012.

. See 2010 La. Acts, No. 3, § 1, effective May ll, 2010.