935 So.2d 201 (2006)
STATE of Louisiana
v.
Calvin D. PETERS.
No. 2005 KA 2069.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
*202 Walter P. Reed, Covington, Dorothy Pendergast, Metairie, for Appellee, State of Louisiana.
Katherine Franks, Slidell, for Defendant/Appellant, Calvin D. Peters.
Before: WHIPPLE, McCLENDON and WELCH, JJ.
WHIPPLE, J.
The defendant, Calvin D. Peters, was charged by amended bill of information with one count of insurance fraud, a violation of LSA-R.S. 22:1243, and initially pled not guilty. Subsequently, he withdrew his plea, and pled guilty as charged, reserving the right to challenge the applicability of the habitual offender law, LSA-R.S. 15:529.1, to his case. He was sentenced to five years at hard labor. Thereafter, the State filed a habitual offender bill of information against the defendant, alleging that on December 11, 2000, he pled guilty to the offense of possession of stolen things.[1] The defendant agreed with the allegations of the habitual offender bill of information, but reserved the right to challenge the application of the habitual offender law to a violation of LSA-R.S. 22:1243. The defendant was then adjudged a second felony habitual offender, the previously imposed sentence was vacated, and the defendant was sentenced to ten years at hard labor without benefit of probation or suspension of sentence. He now appeals, designating two assignments of error.
We affirm the conviction, the habitual offender adjudication, and the sentence.

FACTS
Due to the defendant's guilty plea, there was no trial in the instant case, and thus, no trial testimony concerning the facts. However, at the Boykin hearing, the State and the defense stipulated that there was a factual basis for the charge.
The amended bill of information sets forth that between June 4, 2002 and June 18, 2002, the defendant committed insurance fraud by presenting, causing to be presented, or preparing with knowledge or belief that it would be presented to or by an insurer or any agent thereof, an oral or written statement the defendant knew to contain materially false information as part of a claim for payment or benefit pursuant to an insurance policy with USAgencies Casualty Insurance Company, with the intent to defraud or deceive said insurance company.

ENHANCEMENT OF SENTENCE PURSUANT TO HABITUAL OFFENDER LAW
In assignment of error number 1, the defendant contends the trial court erred in enhancing the sentence for a violation of LSA-R.S. 22:1243 pursuant to the habitual offender law because LSA-R.S. 22:1243 specifically provides for a term of imprisonment "not to exceed five years[.]" In assignment of error number 2, the defendant contends the trial court erred in enhancing the sentence, provided by LSA-R.S. 22:1243 pursuant to the habitual offender law because, although a violation of LSA-R.S. 22:1243 is a felony, the statute is not contained in either the criminal code or in the uniform controlled dangerous substances law.
Prior to amendment by 2004 La. Acts No. 498, § 1, LSA-R.S. 22:1242, provided, in pertinent part:
As used in this Part the following terms shall have the meanings indicated herein:

*203 (1) "Fraudulent insurance act" shall include but not be limited to acts or omissions committed by any person who knowingly and with intent to defraud:
(a) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, reinsurer, purported insurer or reinsurer, broker, or any agent thereof, any oral or written statement which he knows to contain materially false information as part of, or in support of, or denial of, or concerning any fact material to or conceals any information concerning any fact material to the following:
* * *
(iii) A claim for payment or benefit pursuant to any insurance policy.
* * *
(2) "Statement" includes but is not limited to any notice, statement, proof of loss, bill of lading, receipt for payment, invoice, account, estimate of property damages, bill for services, diagnosis, prescription, hospital or doctor records, test results, x-rays, or other evidence of loss, injury, or expense.
Louisiana Revised Statutes 22:1243, in pertinent part, provides:
A. Any person who, with the intent to injure, defraud, or deceive any insurance company, or the Department of Insurance, or any insured or other party in interest, or any third party claimant:
(1) Commits any fraudulent insurance act as defined in R.S. 22:1242;
* * *
is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five years, or a fine not to exceed five thousand dollars, or both, on each count.
B. The criminal provisions of this Section shall be investigated, enforced, or prosecuted only by the proper law enforcement and prosecutorial agencies.
Louisiana Revised Statutes 15:529.1, in pertinent part, provides:
A. (1) Any person who, after having been convicted within this state of a felony ... or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Campbell, XXXX-XXXX, p. 7 (La.7/6/04), 877 So.2d 112, 117.
It is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Thus, legislative language is interpreted by the courts on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. It is further presumed that the legislative branch intends to achieve a consistent *204 body of law. Campbell, XXXX-XXXX at p. 8, 877 So.2d at 117.
A criminal statute must be given a genuine construction consistent with the plain meaning of the language in light of its context and with reference to the purpose of the provision. LSA-R.S. 14:3. Moreover, it is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. When a criminal statute provides inconsistent penalties, the rule of lenity directs the court to impose the least severe penalty. Campbell, XXXX-XXXX at p. 9, 877 So.2d at 118.
In the instant case, there was no error in enhancing the sentence pursuant to the habitual offender law. The use of "not to exceed five years" in LSA-R.S. 22:1243 does not reflect any intent by the legislature to exempt the crime of insurance fraud from the provisions of the habitual offender law. An examination of the criminal code, Louisiana Revised Statutes, Title 14, Chapter 1, reveals that the phrase "not to exceed" or "not exceed" is used interchangeably with "nor more than" or "not more than," sometimes even in the same statute. See LSA-R.S. 14:27(D); LSA-R.S. 14:68.7(B). The legislature did not intend to exempt the entire criminal code from the habitual offender law. Moreover, legislative intent that a criminal penalty is to be the exclusive penalty for a crime has been expressed in clear language. See LSA-R.S. 14:98(D)(1)(a) ("notwithstanding any other provision of law to the contrary"); Campbell, XXXX-XXXX at pp. 6-11, 877 So.2d at 116-19.
Thus, the language "not to exceed five years" in LSA-R.S. 22:1243 merely sets forth the upper limit of the penalty under that statute. Far more probative of whether or not the legislature intended the habitual offender law to apply to the offense of insurance fraud is the express declaration in LSA-R.S. 22:1243(A) that a person who violates the statute "is guilty of a felony." A person's subsequent commission of "a felony" after having been convicted of a felony triggers the habitual offender law. See LSA-R.S. 15:529.1(A)(1). Thus, these arguments by defendant have no merit.
We also reject the argument that the habitual offender law applies only to felonies listed in the criminal code and the uniform controlled dangerous substances law, Louisiana Revised Statutes, Title 40, Chapter 4. To the contrary, the habitual offender law provides that the felonies subject thereto can come from "this state[,] ... the laws of any other state or the United States, or any foreign government." See LSA-R.S. 15:529.1(A)(1).
Further, the defendant's reliance upon State v. Sanders, 337 So.2d 1131 (La.1976) is misplaced. In Sanders, the issue before the Supreme Court was whether or not felony convictions used to convict a person, under LSA-R.S. 14:95.1, of the offense of being a convicted felon who carries a concealed weapon could again be used to establish a violation of the habitual offender law. Sanders, 337 So.2d at 1132. The Supreme Court held that the habitual offender law could not be applied to further enhance penalties for status crimes, quoting the following language from State v. Ware, 201 Kan. 563, 442 P.2d 9, 11 (1968):
Furthermore-if the habitual criminal statute were to apply to the facts of this case the practical effect would be to nullify the penalty provision of the special statute in question-which is imprisonment for not to exceed [f]ive years. In fixing such penalty the statute itself *205 takes into account the fact of the previous conviction.
Sanders, 337 So.2d at 1134-35.
Sanders is distinguishable inasmuch as the instant case does not involve the improper multiple use of a felony to establish both a violation of the instant offense and the habitual offender law.
These assignments of error are also without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] The State further set forth that the predicate guilty plea was entered under docket # 99CR27792 of the Twenty-second Judicial District Court.