PER CURIAM
11 Writ granted. This matter presents the closely interrelated questions of whether persons who are found not guilty of a sex offense by reason of insanity are subject to the sex offender registration and notification requirements of La.R.S. 15:540 et seq., and whether a petition for injunctive relief or for declaratory judgment regarding those requirements must be filed in the manner established by La.R.S. 15:544.1 when it pertains to such persons. Finding that the legislature chose for reasons of public safety to treat persons convicted of a sex offense the same as those found not guilty by reason of insanity for purposes of the sex offender registration and notification law, we conclude the district court erred in both finding it was the proper forum to hear respondent’s claim and in ruling that respondent be relieved of the obligation to register.
Although he bears various diagnoses, the 56-year-old respondent suffers from severe chronic mental illness involving at times paranoia, delusional and disordered thought processes, and mood instability. He has been in and out of psychiatric treatment since he was a teenager. In 1986, the district court found him not guilty by reason of insanity of attempted aggravated rape, an offense he attempted to commit while in an overtly psychotic state, and the court committed |2him to inpatient psychiatric treatment. He was released from inpatient treatment to a structured group home in 1999, and despite complying with treatment, he relapsed and was committed again to inpatient treatment in 2002. He was released again to another structured living unit in 2004. His treatment notes there indicate he attends an aftercare clinic, remains under psychiatric care, keeps all scheduled appointments, takes medications as directed, and violates no rules in the living unit, nor demonstrates any significant behavioral problems there. Nonetheless, he required emergency treatment in 2009 when he responded poorly to a medication adjustment. In 2015, he required hospitalization when he became acutely psychotic. He returned to the structured living unit in 2016. His treatment notes indicate that, although he cooperates with treatment and has made progress, he is unable to live in an unsupervised setting at this time.
Respondent filed a motion in the same district court in which he was originally found not guilty by reason of insanity, asking to be relieved of his obligation to register as a sex offender. The district court granted the motion. Thereafter, the state through the Attorney General filed a motion to rescind that order, arguing that Orleans Parish Criminal District Court was not the proper forum to make that determination because La,R.S. 15:544.1 establishes a procedure to seek to be relieved of the registration requirements with venue in the 19th J.D.C.:
Any petition for injunctive relief or for declaratory judgment regarding the registration and notification requirements of this Chapter as they apply to a particular offender convicted of or adjudicated delinquent for a sex offense as defined in R.S. 15:541 or a criminal offense against a victim who is a minor as defined in R.S. 16:541, regardless of the date of conviction, which are based on theories of relief or grounds not specifically provided for in the provisions of this Chapter, shall be filed through ordinary civil proceedings by the offender, the state, the Department of Public Safety and Corrections, office of state police, or the office of the attorney gen *389 eral, in the district court for the parish where the state capitol is situated.
I ¡Added by Acts 2013, No. 284, § 1. After a hearing, the district court found this provision inapplicable because respondent was not convicted of a sex offense but rather had been found not guilty by reason of insanity. The district court' further declined to rescind its previous order. The district court erred,
A legislative statement of the purpose of Louisiana’s sex offender registration and notification requirements appears in La,R.S. 15:540. It provides:
A. The legislature finds that- sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers’ efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired'by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency’s jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a yictim who is a minor have a reduced expectation of privacy because of the public’s interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually, violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.
B. Therefore, this state’s policy is to assist local law enforcement agencies’ efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about sex offender's, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public-as provided in this Chapter.
14Added by Acts 1992, No. 388, § 1. Amended by Acts 1997, No. 1147, § 1. It is clear from this statement of- purpose that, in an effort to protect the public, the legislature enacted the.sex offender registration and notification requirements because it. found that persons who commit certain sex offenses are particularly likely to commit additional sex offenses in the future. Faced with the heightened risk of recidivism by these offenders, the legislature opted to disseminate information to both *390 the public and law enforcement agencies that would otherwise be unavailable.
Furthermore, it is clear from this statement of purpose that the legislature was concerned not only with the .elevated risk that sex offenses would be repeatedly committed by persons with a prior conviction. In fact, the word “convicted” appears only once in that lengthy statement of purpose, within the context of what would appear to be a non-exhaustive list of the sort of information that could assist law enforcement in protecting the community from sex offenders: “The legislature further finds that local law enforcement officers’ efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency’s jurisdiction, .... ” In striking comparison, the legislature repeatedly refers in the same statement of purpose to the much broader categories of “sex offenders,” “offenders who commit sex offenses,” and “persons found to have committed a sex offense.” Of particular significance to the questions presented in the present case is the legislature’s inclusion of an allusion to mentally ill sex offenders in the form of a reference to release “from incarceration or commitment,” and an expression of concern that “the penal and mental health components of our justice system are largely hidden from public view and that lack of information | ¡from either may result in failure of both systems .... ” These latter aspects have appeared in the legislative statement of purpose from the beginning and were unaffected by the 1997 amendment, which only broadened the statement of purpose to encompass sexually violent predators and those who prey on children.
As noted above, La.R.S. 15:544.1 establishes procedures for challenging the registration and notification requirements “as they apply to a particular offender convicted of or adjudicated delinquent for a sex offense” and further establishes venue for that challenge in the 19th J.D.C. Similarly, La.R.S. 15:542(A) requires “[a]ny adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit” certain sex offenses and criminal offenses against a minor victim, as further specified within other provisions, to register and provide notification. Respondent here contends that he is neither obligated to register nor bound by that venue requirement, because those provisions refer only to persons convicted of a sex offense and a finding of not guilty by reason of insanity is not tantamount to a conviction.
Respondent is correct that a finding of not guilty by reason of insanity is not tantamount to a conviction. A finding of not guilty by reason of insanity is a determination that defendant undoubtedly committed the charged criminal act but he cannot be punished for it because he was legally insane at the time of his actions. See State v. Branch, 99-1484, p. 1 (La. 3/17/00), 759 So.2d 31, 32 (per curiam) (“A Louisiana jury considering an accused’s dual plea of not guilty and not guilty by reason of insanity must nevertheless first determine whether the state has proved the essential elements of the charged offense beyond a reasonable doubt before it may proceed to a determination of whether he was incapable of distinguishing between right and wrong at the time of the offense and therefore exempt from criminal responsibility for his acts.”); see also Jones v. United States, 463 U.S. 354, 363, 103 *391 S.Ct. 3043, 3049, 77 L.Ed.2d 694 (1983) (“A verdict of not guilty by reason of insanity establishes two ■ facts: (i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness.”).
However, the fact that a finding of guilty and a finding of not guilty by reason of insanity are not the same within ordinary legal usage does not answer the question of whether the legislature intended to require persons found not guilty by reason of insanity to register. That question is answered by the definitions section of the sex offender registration and notification law, specifically by La.R.S. 15:541(7), which provides:
“Conviction or other disposition adverse to the subject” means any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be considered a disposition adverse to the subject.
This provision defines for purposes of the registration and notification law “conviction or other disposition adverse to the subject” to exclude an acquittal “except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed.” Respondent here was both acquitted due to.a finding of not guijty by reason of insanity and then committed, and therefore falls within the reach of this definition.
Under the general rules of statutory construction, the interpretation of any statutory provision begins with the language of the statute itself. McGlothlin v. Christus St. Patrick Hosp., 10-2775, p. 11 (La. 7/1/11), 65 So.3d 1218, 1227. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ. Code art. 9; La. Rev. Stat. § 1:4; Milbert v. Answering Bureau, Inc., 13-0022 (La. 6/28/13), 120 So.3d 678, 684. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. Civ. Code art. 11; La. Rev. Stat. § 1:3; see also Snowton v. Sewerage and Water Bd., 08-0399, pp. 5-6 (La. 3/17/09), 6 So.3d 164, 168.
While La.R.S. 15:541(7) could be better drafted, we cannot say its meaning is unclear. It defines conviction to include any disposition of the charges other than those specifically excluded, such as an acquittal, and further excludes from acquittals those that result from a finding of not guilty by reason of insanity when the person is committed. Thus, a conviction, for purposes of the sex offender registration and notification law, is specifically defined to include a finding of not guilty by reason of insanity, provided the person was, also committed. Therefore, the word “conviction” throughout that law should be read to encompass not only those convicted but also “persons found not guilty by reason of insanity and committed,” as the legislature has directed.
The fact that the legislature also swept up “other disposition adverse to the subject” within this definition, and in fact chose to group those dispositions together with convictions within quotation marks, does not change our view. The legislature’s use of “conviction or other disposition adverse to the subject” (set off by quotation marks within the definition) followed by the failure to use that .unitary phrase within the remainder of the sex offender notification and register law (with two except *392 ions)[1] might raise an interpretational question, that could implicate the rule of lenity in a criminal statute.[2] The registration and notification law is, | showever, a civil regulatory scheme that is intended to alert the public and law enforcement for purposes of public safety; 4t is not part, of a sex offender’s punishment, See State. ex rel. Olivieri v. State, 00-0172, p. 20 (La. 2/21/01), 779 So.2d 735, 747 ([I]t is apparent that the intent of the Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders.”). While criminal statutes are to be construed strictly, State ex rel. Robinson v. Blackburn, 367 So.2d 360, 363 (La. 1979), we previously explained that this civil regulatory scheme governing sex offender registration and notification should be read “in its entirety according to its paramount governmental interest of protecting the citizens of this state,” State v. Clark, 12-1296, p. 6 (La. 5/7/13), 117 So.3d 1246, 1250. When read in its' entirety, and in particular in light of the legislative statement of purpose, the legislature has made' its interest in this provision perfectly clear, and we are bound to effectuate that intent. See State v. Piazza, 596 So.2d 817, 819 (La. 1992) (“Legislative intent is the fundamental question in all cases of statutory interpretation, and "rules of statutory construction are designed to ascertain and enforce the intent of the statute.”). Furthermore, we cannot say it is unreasonable that the legislature would choose, as a matter of public safety, to disseminate information regarding those proved beyond a reasonable 'doubt to have committed certain sex offenses, regardless of whether the 19offender had the capacity at the time of the offense to be held criminally culpable for his actions.
Finding that any ambiguity in these provisions can be resolved by reading the law in its entirety and with reference to the legislature’s statement .of purpose, we hold that the term conviction, as used within the sex offender registration and notification law, has been defined by La.R.S. 15:541(7) to exclude an acquittal “except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed.” Because respondent falls within the plain language of that definition, he was bound to seek the relief he requested within the 19th J.D.C. in accordance with La.R.S. 15:544.1. Therefore, the district court erred in not rescinding its ruling that relieved respondent of the obligation to register as a sex offender. Accordingly we grant the state’s *393 application and vacate the district court’s ruling.

. La.R.S. 15:541(8) and (19) also reference “conviction or other disposition adverse to the subject.” Those provisions define “conviction data” and “nonconviction data” and those definitions are , utilized in La.R.S. 15:548, which pertains to the dissemination of criminal history records.

. Regarding lenity, this court has stated:
The principle of lenity developed on the basis that á person should not be criminally punished unless the law has provided a fair warning of what conduct will be considered criminal. 3 N. Singer, at § 59.04. The rule does not merely reflect a convenient maxim of statutory construction; but is based on the fundamental principle of due process that no person should be forced to speculate whether his conduct is prohibited. Dunn v. United States, 442 U.S. 100, 99 S.Ct 2190, 60 L.Ed.2d 743 (1979). Questions concerning the ambit of a criminal statute should be resolved-in favor of lenity. Huddleston v. United States, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). The rule of lenity applies not only to interpretations' of the substantive dfnbit of criminal laws, but also to the penalties imposed by those laws. Bifulco v. United States, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1989); State v. Bosworth, 373 So.2d 152 (La. 1979).
State v. Piazza, 596 So.2d 817, 820 (La. 1992) (emphasis added).