STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0761

STATE OF LOUISIANA

VERSUS

DAVID YOUNG

Judgment Rendered:  NOV 1 5 2019

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court

In and for the Parish of East Baton Rouge

State of Louisiana

Case No. 07-15-0122

The Honorable Judge Bonnie Jackson Presiding

\*\*\*\*\*\*\*\*

Jeff Landry
Attorney General
Pamela S. Moran
Stephen Martin
Colin Clark
Assistants Attorneys General
Louisiana Department of Justice
Criminal Appellate Section
Baton Rouge, LA

Counsel for Plaintiff/Appellee
State of Louisiana

Glen R. Petersen
Baton Rouge, LA
&
Kelly P. Mitchell
Herbert V. Larson
New Orleans, LA

Counsel for Defendant/Appellant
David Young

********

BEFORE: HIGGINBOTHAM[1], PENZATO, AND LANIER, JJ.

********

---

[1] Judge Toni Manning Higginbotham was not present at the oral argument of this case; however, she participated in deliberations via a recording of the hearing.

**LANIER, J.**

The defendant, David W. Young, was charged by bill of information with computer-aided solicitation of a minor, a violation of La. R.S. 14:81.3 (count 1); and indecent behavior with a juvenile, a violation of La. R.S. 14:81 (count 2). He pled not guilty on both counts and waived his right to a jury trial. Following a bench trial, he was found guilty as charged on both counts. He moved for post-verdict judgment of acquittal on the basis of double jeopardy. The motion was granted as to count 1. On count 2, the defendant was sentenced to five years imprisonment at hard labor. The sentence was suspended, and the defendant was placed on probation for five years. The defendant and the State appealed. The defendant challenged the sufficiency of the evidence on count 2. The State challenged the granting of a post-verdict judgment of acquittal on count 1. This court affirmed the conviction and sentence on count 2, reversed the ruling of double jeopardy on count 1, reinstated the conviction on count 1, and remanded for sentencing on count 1. **State v. Young**, 2017-1101 (La. App. 1st Cir. 12/21/17), 2017 WL 6524554, writ denied, 2018-0126 (La. 10/29/18), 254 So.3d 701.

Upon remand, the defendant filed a motion in arrest of judgment and motion for new trial. Following a hearing, the motions were denied. The defendant was sentenced on count 1 to two years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence and ordered to register and provide notification as a sex offender. He moved for reconsideration of sentence, but the motion was denied. For the following reasons, we affirm the sentence imposed on count one.

## FACTS

The facts concerning this matter are set forth in the prior appeal decision. See **Young**, 2017 WL 6524554, at *2-3.

3

## NEW TRIAL

In assignment of error number 1, the defendant contends the trial court erred in ruling it had no authority to grant a new trial on count 1. The defendant argues, under La. Code Crim. P. art. 851(B)(1), the trial court may grant a new trial when the verdict is contrary to the law and the evidence, and under La. Code Crim. P. art. 851(5), the trial court may grant a new trial if it is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right. The defendant argues that as the weight of the evidence is "legally distinguishable" from the sufficiency of the evidence, this court's previous decision finding the evidence sufficient to support the defendant's conviction under count 1 did not preclude the trial court from considering his new trial motion premised on the weight of the evidence and the interests of justice.

Upon remand, the defendant filed a motion in arrest of judgment and motion for new trial. The defendant urged the trial court to "once again, [acknowledge] . . . the evidentiary and legal shortcomings of the State's case." The defendant asked the trial court to "analyze [the defendant's] convictions, for the first time, under the newly-required [**Blockburger v. U.S.**, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test."[2] In his motion for new trial, the defendant asked the court to "make

---

[2] The **Blockburger** test is as follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

**Blockburger**, 284 U.S. at 304, 52 S.Ct. at 182.

In **State v. Frank**, 2016-1160 (La. 10/18/17), 234 So.3d 27, 33-34, the Louisiana Supreme Court declared, "[a]ccordingly, we take this opportunity to make clear that the protections against double jeopardy mandated by the federal constitution, as restated in this state's constitution, fall within the analytical framework set forth in **Blockburger** and Louisiana courts need only apply that framework in analyzing questions of double jeopardy."

a 'factual' determination as to the weight of the evidence for [the defendant's] conviction on Count One."

The State opposed the motions. The State argued the defendant had already raised double jeopardy, and thus, could not raise it again. See La. Code Crim. P. art. 594 ("Double jeopardy may be raised at any time, but only once[.]"). Further, the State noted this court had held counts 1 and 2 were not the same offense under **Blockburger**, and thus, the convictions did not violate double jeopardy principles. **Young**, 2017 WL 6524554, at *8.

In regard to the motion for new trial, the State argued on count 2 that the motion was filed after sentencing, and thus, was untimely. See La. Code Crim. P. art. 853. In regard to count 1, the State noted that in reversing the trial court's finding that there was insufficient evidence to support a finding of computer-aided solicitation of a minor, this court held:

> During the conversations that took place on the dates set forth in the bill of particulars, the defendant's intent to persuade [the victim] to participate in sexual conduct is clear. After explaining to [the victim] that he was a "pervert" and "all about sex," the defendant told [the victim] that she could decide what they did when they met because he did not want to "pressure her." The defendant continually asked [the victim] what she would like to do and reminded her how much he loved "butt sex." When the defendant was in Louisiana, he repeatedly contacted [the victim]. Based on these facts, the defendant was clearly repeatedly attempting to persuade [the victim] to agree to meet with him and engage in sexual activity upon meeting.

**Young**, 2017 WL 6524554, at *7.

The trial court observed that it had vacated the defendant's conviction for computer-aided solicitation of a minor and sentenced him to probation on the remaining count, but on appeal, "the First Circuit Court of Appeal substituted its judgment for [the trial court's judgment] and reversed [the trial court's] ruling on factual grounds and remanded this case back . . . for sentencing." The trial court noted the defendant had appealed the ruling of the First Circuit Court of Appeal to

5

the Louisiana Supreme Court, but writs were denied. The trial court stated: "This court sees no procedural mechanism by which this court, the trial court, can do anything other than what the First Circuit remanded this court to do. It didn't remand this case to re-examine it under the **Blockburger** test. It remanded it for the sole purpose of imposing sentence on the reinstated count." The trial court noted, as far as it was aware, no motion had been made to the Louisiana Supreme Court to reconsider its denial of writs in the case.

The defendant argued the First Circuit had only upheld the solicitation count by taking one element from one conversation, another element from another conversation, and yet another element from yet another conversation, and "you can't do that. These are separate, discrete conversations. And either you have the offense in a conversation, or you don't." The trial court found it had no authority to review the rulings of this court, and pointed out that the Louisiana Supreme Court had that authority, but had chosen not to exercise it. Accordingly, the trial court denied the motion in arrest of judgment and motion for new trial.

We find there was no error in the denial of the motion for new trial. As noted by the trial court, following the reinstatement of the conviction on count 1 by this court and the denial of writs by the Louisiana Supreme Court, this case was remanded solely for the purpose of sentencing on count 1. The effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried. La. Code Crim. P. art. 857. The trial court lacked authority upon remand for sentencing to grant a new trial. See **State v. Brown**, 451 So.2d 1074, 1078 (La. 1984) (noting, that even in the situation of a motion for new trial based upon new and material evidence under La. Code Crim. P. art. 851(3), "[o]nce the case is appealed, . . . the trial court is without jurisdiction to entertain a motion for new trial unless the case is remanded to that

6

court for that purpose."); see also **State v. Guerin**, 2007-1429 (La. App. 1st Cir. 12/21/07), 2007 WL 4480738, at *1.

This assignment of error is without merit.

## CONSTITUTIONAL CHALLENGES

In assignment of error number 2, the defendant contends the trial court erred in ordering him to comply with the sex offender registration and notification requirements in La. R.S. 15:540 et seq., because La. R.S. 15:542(F)(1) infringes upon the inherent authority of the judiciary, in violation of La. Const. art. II, §§ 1 and 2. In assignment of error number 3, the defendant contends the trial court erred in ordering him to comply with the sex offender registration and notification requirements in La. R.S. 15:540 et seq., because they are unconstitutional on their face, in violation of La. Const. art. I, § 20. In assignment of error number 4, the defendant contends the trial court erred in ordering him to comply with the sex offender registration and notification requirements, specifically La. R.S. 15:542(C)(1)(m), because they infringe upon his right to anonymous speech, in violation of United States Const. amend. I and XIV and La. Const. art. I, § 7.

Following the imposition of sentence on remand, defense counsel asked that he be permitted to read "a list of objections for future purposes." Defense counsel stated:

> As to his sentence in general, [the defendant] objects pursuant to the 8th and 14th amendments of the United States Constitution and pursuant to Article 1, section 20, and Article 2, section 2, of the Louisiana Constitution.
>
> [The defendant] also objects to the mandatory registration requirements of his sentences pursuant to Article 1, section 8 and the 1st, 5th, 6th, 8th, and 14th Amendments, and pursuant to Article 1, sections 2, 7, 16, 19, 20 and Article 2, section 2, of the Louisiana Constitution.

Following the hearing, the defendant filed a motion for reconsideration of sentence, urging the constitutional challenges he now urges on appeal. The motion was denied without a hearing. See La. Code Crim. P. art. 881.1(D).

Louisiana Revised Statutes 15:544.1 provides, in pertinent part: "[a]ny petition for injunctive relief or for declaratory judgment regarding the application or interpretation of the registration and notification requirements of [Title 15, Chapter 3-B, Registration of Sex Offenders, Sexually Violent Predators, and Child Predators], . . . shall be filed through ordinary civil proceedings in the district court for the parish where the state capitol is situated."

The registration and notification law is a civil regulatory scheme that is intended to alert the public and law enforcement for purposes of public safety; it is not part of a sex offender's punishment. **State v. Cook**, 2016-1518 (La. 5/3/17), 226 So.3d 387, 392 (per curiam). The defendant failed to comply with La. R.S. 15:544.1 in urging his challenges to the registration and notification law. Accordingly, the trial court correctly denied the motion to reconsider sentence.

**CONVICTION AND SENTENCE ON COUNT 1 AFFIRMED.**