STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1180

MARK A. DAVIDSON

VERSUS

STATE OF LOUISIANA, JERRY JONES, IN HIS OFFICIAL CAPACITY AS
DISTRICT ATTORNEY OF OUACHITA PARISH; AND
LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **JUL 0 2 2020**

* * * * * * *

APPEALED FROM THE NINETEENTH JUDICIAL COURT
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER C647640, SECTION 22

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * * *

Jeff Landry
Attorney General
and
Colin Clark
Erica McLellan
Emma DeVillier
Assistant Attorneys General
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
State of Louisiana

J. Theriot Agrees with result

J. Chutz Concurs by Murg.

**Counsel of record continued:**

Robert Tew
Fourth Judicial District Attorney
Geary Aycock
Assistant District Attorney
Monroe, Louisiana

Adrienne Aucoin
Department of Public Safety
And Corrections
Baton Rouge, Louisiana

G. Adam Cossey                                    Attorney for Plaintiff/Appellee
Monroe, Louisiana                                 Mark A. Davidson

**BEFORE:  McDONALD, THERIOT, and CHUTZ, JJ.**

2

**McDonald, J.**

In this case the plaintiff pled guilty to two counts of video voyeurism—a sex offense—in 2005, receiving a sentence of two years at hard labor for each count from the Fourth Judicial District Court in Ouachita Parish. The Fourth Judicial District Court suspended plaintiff's sentence conditional on his completion of three years supervised probation. Upon plaintiff's completion of his supervised probation in July 2007, the court set aside his conviction and dismissed the prosecution against him pursuant to La. C.Cr.P. art. 893. After completing his probation, plaintiff moved to Florida, his current domicile, and registered there as a sex offender in December 2007. Plaintiff initiated the instant suit in the Nineteenth Judicial District Court in April 2016, seeking a declaratory judgment and injunctive relief from his obligation under La. R.S. 15:544 to register as a sex offender in Louisiana because his 2005 conviction was set aside. After further proceedings, ultimately the Nineteenth Judicial District Court granted summary judgment in favor of the plaintiff, relieving him of his duty to register as a sex offender. The State appealed. After de novo review, we reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2005, Mark A. Davidson was charged in Ouachita Parish by bill of information with two counts of video voyeurism under La. R.S. 14:283, a sex offense as defined in La. R.S. 15:541. On October 31, 2005, Davidson entered a plea of guilty on both counts and received a sentence of two years at hard labor per count from the Fourth Judicial District Court; however, the sentence was suspended and Davidson was placed on supervised probation for three years. On July 26, 2007, Davidson completed his supervised probation, and the Fourth Judicial District Court

3

set dismissed the prosecution against him pursuant to La. C.Cr.P. art. 893.[1] In December 2007, Davidson moved to Florida, where he currently resides, and registered there as a sex offender.

On April 16, 2016, Davidson, considering moving back to Louisiana, initiated the instant suit in the Nineteenth Judicial District Court through ordinary civil proceedings pursuant to La. R.S. 15:544.1 against the State of Louisiana, the District Attorney of Ouachita Parish,[2] and the Louisiana Department of Public Safety and Corrections (collectively the State), seeking declaratory and injunctive relief from his obligation to register as a sex offender in Louisiana under La. R.S. 15:544. Davidson made two arguments in his petition: first, that the setting aside of his 2005 conviction eliminated his duty to register as a sex offender in Louisiana, and second, that Louisiana's refusal to give him credit in Louisiana for his registration in Florida violated his constitutional right to travel.

After filing answers, the State moved for summary judgment, citing **State v. Cook**, 2016-1518 (La. 5/3/17), 226 So.3d 387, as binding precedent. Nineteenth Judicial District Court Commissioner Nicole Robinson presided over the hearing on the State's motion and recommended that the trial court deny the State's motion as to the issue of registration and grant the motion as to the issue of constitutional freedom of movement. Thereafter, the trial court ruled in line with the recommendations, dismissing the State's motion for summary judgment addressing Davidson's requirement to register as a sex offender pursuant to La. R.S. 15:544, and granting the State's motion for summary judgment addressing the constitutionality of La. R.S. 15:544(D)(2).

---

[1] Davidson completed his supervised probation in less than three years.
[2] During the course of this litigation, Fourth Judicial District Attorney Jerry Jones retired, and newly elected District Attorney Robert Tew was substituted in the proceedings.

4

Following the trial court's ruling on the State's motion, Davidson filed his own motion for summary judgment on both issues. Commissioner Robinson presided over the hearing on Davidson's motion and made recommendations consistent with her prior recommendations. First, Commissioner Robinson found that the setting aside of Davidson's conviction exempted him from the requirement to register as a sex offender under the enactment of La. R.S. 15:544(A) effective at the time Davidson filed the instant suit, and therefore recommended that the trial court grant summary judgment in favor of Davidson on this issue; and second, she found that Davidson failed to meet his burden of proving that Louisiana's sex offender registration laws do not suitably further the government's interest in protecting the public from sex offenders, and thus recommended that the trial court deny summary judgment on that issue.

The trial court agreed with the commissioner's recommendations, and issued a final judgment on July 19, 2019, granting summary judgment in favor of Davidson on the registration issue and in favor of the State on the constitutional issue. The State appeals the trial court's judgment on the registration issue.

## DISCUSSION

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. See La. C.C.P. art. 966(A)(3). A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate: i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Samaha v. Rau**, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882-83.

In this case, there is no disputed material fact; instead, the parties' disagreement concerns the correct interpretation of Louisiana's sex offender registration statutes, La. R.S. 15:540 *et seq.*, and whether to apply the laws in effect in 2007, when the Fourth Judicial District Court set aside Davidson's conviction and dismissed the prosecution against him, or the laws currently in effect, as amended by the legislature in 2017. After de novo review, we find that Davidson has a duty to register as a sex offender in Louisiana under both versions of the statutes and that the 2017 enactment applies retroactively as an interpretative change.

## DUTY TO REGISTER UNDER LA. R.S. 15:540 *ET SEQ.*

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the wording of a Section of the Revised Statutes is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4. It is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Thus, legislative language is interpreted by the courts on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. **State v. Benoit**, 2010-1766 (La. App. 1 Cir. 5/6/11), 69 So.3d 492, 497, <u>writ denied</u>, (La. 3/30/12), 85 So.3d 106. In the interpretation of statutes, the specific controls the general. **State in Interest of A.C.**, 93-1125 (La. 1/27/94), 643 So.2d 719, 730. Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. **Allen v. Allen**, 2013-2778 (La. 5/7/14), 145 So.3d 341, 346.

6

Louisiana Code of Criminal Procedure article 893(E)(2) provides that "[t]he dismissal of the prosecution shall have the same effect as acquittal[.]" This language indicates that an art. 893 dismissal, which necessarily follows a proper adjudication of guilt by plea or conviction, is not an acquittal, but merely has the same effect.

Louisiana Revised Statutes 15:541(7) currently states that "[a] dismissal entered after a period of probation, suspension, or deferral of sentence shall be included in the definition of 'conviction' for purposes of this Chapter." Under the unambiguous language of this definition, the 2007 art. 893 dismissal, which the Fourth Judicial District Court entered "after a period of probation [and] suspension . . . of sentence," constitutes a "conviction."

Conversely, the provision of La. R.S. 15:541 effective in 2007 stated the following:

> (4) "Conviction or other disposition adverse to the subject" means any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed. However, a dismissal entered after a period of probation, suspension, or deferral of sentence shall be considered a disposition adverse to the subject.

La. R.S. 15:541(4). This provision mandates the same effect in different terms; given that an art. 893 dismissal is not an acquittal, but merely has "the effect of an acquittal," the 2007 dismissal was "a disposition adverse to the subject" under this definition since it followed a period of probation and suspension of sentence.

The term "[c]onviction or other disposition adverse to the subject," without separate definitions for "conviction" and "disposition adverse to the subject," indicates that "convictions" and "other disposition[s] adverse to the subject" are effectively equivalent. A reading in which the two terms are not equivalent renders

the specific definition of "disposition adverse to the subject" - a term otherwise appearing only in La. R.S. 15:541—superfluous. See La. R.S. 15:541(8), (19). Construing the terms as equivalent effectuates the legislature's stated interest—protecting the public from those who have committed sex offenses—in enacting La. R.S. 15:540 *et seq.* See **State v. Cook**, 226 So.3d at 391-92. Thus, the 2007 dismissal, as a "disposition adverse to the subject," is legally identical to a "conviction" under the prior La. R.S. 15:541.

These definitions apparently conflict with La. C.Cr.P. art. 893's mandate that an art. 893 dismissal "shall have the same effect as an acquittal"; however, since La. R.S. 15:540 *et seq.* deals specifically with sex offender registration following proper adjudications of guilt—including guilty pleas—in sex crime cases, whereas art. 893 provides a general rule for all felonies, the definitions in La. R.S. 15:541 control in this case. Under the unambiguous wording of the 2017 enactment of La. R.S. 15:541, and under a reading giving effect to every part of the statutes effective in 2007, the 2007 dismissal constitutes a conviction in both versions of La. R.S. 15:540 *et seq.*

We next examine whether the conviction gives Davidson a duty to register as a sex offender under the respective versions of the statutes if he moves back to Louisiana. The sex offender registration statutes have mandated a duty to register for those who have been convicted of sex offenses since 1992. See La. R.S. 15:542(A)(1); *compare* La. R.S. 15:542(A) (1992). Act 307 of 2017 added language that specifies a duty to register and notify for those whose convictions have been "reversed, set aside, or vacated pursuant to Code of Criminal Procedure Article 893"; therefore, the current statutes unambiguously require Davidson to register if he moves back to Louisiana in the future. La. R.S. 15:544(A).

On the other hand, in 2007, La. R.S. 15:542.1 stated the following:

> **H. Duty to register.** (1) A person required to register under this Section as a sex offender or child predator shall register and maintain his registration pursuant to the provisions of this Section for a period of ten years after the date on which the person was released from prison, placed on parole, supervised release, or probation for a conviction giving rise to the requirement to register, *unless the underlying conviction is reversed, set aside or vacated.* The requirement to register shall apply to an offender who is pardoned. (Emphasis added.)

Davidson argues that a setting aside and dismissal under La. C.Cr.P. art. 893 constitutes an "underlying conviction [that] is . . . set aside"; however, in light of the definitions in La. R.S. 15:541 as they existed in 2007—under which a "dismissal entered after a period of probation, suspension, or deferral of sentence" constitutes a "conviction"—even a conviction set aside pursuant to art. 893 is a "conviction," not a "conviction . . . set aside," for the purposes of La. R.S. 15:540 *et seq.*[3]

Under a reading effectuating both of these conflicting provisions, we determine that the exception for "underlying conviction . . . reversed, set aside, or vacated" in La. R.S. 15:542.1(H)(1) includes erroneous convictions overturned by general legal processes available in all criminal cases, such as appeals or retrials, while "dismissal entered after a period of probation, suspension, or deferral of sentence" in 15:541(7) is a process specific to La. C.Cr.P. arts. 893 and 894. Therefore, we find that an art. 893 dismissal does not constitute an "underlying conviction [that] is . . . set aside" under La. R.S. 15:542.1(H)(1), the prior registration statute. Therefore, even under the prior La. R.S. 15:540 *et seq.*, we conclude that

---

[3] Commissioner Robinson found that a conviction set aside under La. C.Cr.P. art. 893 is also an "underlying conviction . . . set aside" under La. R.S. 15:542.1(H)(1) in the 2007 enactment; however, she did not address the legislature's refusal to change the language of La. R.S. 15:541(7) to reflect such a rule. We assume that the legislature knew of La. R.S. 15:541(7) and deliberately declined to alter it when adding the cited exception to La. R.S. 15:542.1(H)(1); thus, we attempt to give effect to both provisions in the following paragraph.

Davidson, as the subject of a "conviction," is "[a] person required to . . . maintain his registration pursuant to the provisions of this Section," and must register and provide notification if he moves back to Louisiana in the future.

## RETROACTIVE APPLICATION OF ACT 307 OF 2017

In the absence of contrary legislative expression, substantive laws apply prospectively only: procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. C.C. art. 6. No Section of the Revised Statutes is retroactive unless it is expressly so stated. La. R.S. 1:2. Although La. C.C. art. 6 and La. R.S. 1:2 superficially appear to conflict, this conflict is apparent, not real, as the jurisprudence has construed the general proscription against retrospective effect of laws as applying only to substantive, as opposed to procedural or interpretive, laws. **St. Paul Fire & Marine Ins. Co. v. Smith**, 609 So.2d 809, 816 (La. 1992). Absent a conclusive expression of legislative intent, we must proceed to classify an amendment pursuant to La. C.C. art. 6 as either substantive, procedural or interpretive. **St. Paul Fire & Marine Ins. Co.**, 609 So.2d at 817.

Substantive laws either establish new rules, rights, and duties or change existing ones, while interpretive laws do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment; it is the original statute, not the interpretive one, that establishes the rights and duties. *Id.* When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies, pre-existing law. *Id.* Act 307 of 2017 did not include any language mandating its prospective or retroactive application; therefore, we must determine whether the addition of the

10

language "except for those convictions that were reversed, set aside, or vacated pursuant to Code of Criminal Procedure Article 893 or 894"—added as an exception to the exception to registration if "the underlying conviction is reversed, set aside, or vacated"—is substantive or interpretative.

An art. 893 dismissal does not relieve a sex offender of that obligation under the current La. R.S. 15:544(A). As discussed above, the definition of "conviction or other disposition adverse to the subject" in the prior La. R.S. 15:541 included "a dismissal entered after a period of probation, suspension, or deferral," a category that encompasses a dismissal pursuant to La. C.Cr.P. art. 893. Because an art. 893 dismissal operated at that time as a "conviction," and not an "underlying conviction . . . set aside" under La. R.S. 15:544(A), it did not relieve a sex offender from the obligation to register and notify under the prior statute.

Given the apparent conflict between the definitions in La. R.S. 15:541 and the exception to the duty to register for "underlying convictions . . . set aside" in La. R.S. 15:542.1(H)(1), we find that the prior law was unclear. Since the duty to register and notify following an art. 893 dismissal did not change between the 2007 and the present day, and since the language of the prior statutes was unclear, we conclude that Act 307 of 2017 made clarifying interpretative changes that apply retroactively.

Davidson suggests that the 2017 changes are substantive for two reasons: first, because they changed his duty to register, and second, because this court stated recently in **Panaro v. Landry,** 2018-1725, (La. App. 1 Cir. 9/27/2019), 286 So.3d 1049, 1052, writ denied, 2019-01885 (La. 1/22/20), 291 So.3d 1046, that the registration laws were "substantively rewritten" by the 2017 legislation. The first argument fails since the 2017 amendments did not change Davidson's duty to

11

register, which existed in 2007 and would exist upon his return to Louisiana for the reasons discussed above. The second argument fails because this court did not consider in **Panaro v. Landry**[4] whether the 2017 changes were substantive or interpretative in the context of retroactive application; thus, the cited language—which lacks any reasoning that Act 307 enacts substantive changes—does not constitute a holding on the issue and does not bind the court in this case.

## CONCLUSION

For the above reasons, we find that Mark A. Davidson is required to register as a sex offender in Louisiana pursuant to La. R.S. 15:544, and we reverse the July 19, 2019, trial court judgment on the registration issue. Costs of this appeal are assessed against Mark A. Davidson.

**REVERSED AND RENDERED.**

---

[4] In **Panaro v. Landry**, 286 So.3d at 1053-54, this court held that the duty to register for an offender who obtained a La. C.Cr.P. art. 893 dismissal while he was living in New York was subject to the law effective upon his return to Louisiana in 2016, rather than the law effective at the time his conviction was set aside. The holding in **Panaro** hinged on the rule established by the supreme court in **State v. Clark** that the initial duty to register under La. R.S. 15:544(A) does not commence until "residency is established in this state"; retroactivity did not bear on the holding. **Panaro**, 286 So.3d at 1053; see **State v. Clark**, 2012-1296 (La. 5/7/13), 117 So.3d 1246.